UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RAMON COLLADO, on behalf of          :
himself and others similarly
situated,                            :          14 Civ. 3899 (GBD)(HBP)

                    Plaintiffs,      :          REPORT AND
                                                RECOMMENDATION
     -against-                       :

DONNYCARNEY RESTAURANT L.L.C.,        :
doing business as O'CASEY'S,
et al.,                              :

                    Defendants.      :

----------------------------------X

          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE GEORGE B. DANIELS, United States

District Judge,


I.   Introduction


          On May 29, 2014, Ramon Collado, on behalf of himself

and others similarly situated, commenced this collective and

putative class action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law

Sections 191 et seq. to recover unpaid wages, unpaid overtime

compensation, liquidated damages, pre-judgment interest, statu-

tory damages, post-judgment interest and attorneys' fees and

costs.  Defendants have failed to answer or move with respect to

the complaint.  On September 8, 2014, the Honorable George B. Daniels, United States District Judge, entered a default judgment and referred this matter to me to conduct an inquest concerning plaintiffs' damages (Docket Items 22 & 23).

Pursuant to the Order of Reference, I issued a Scheduling Order on September 12, 2014 directing plaintiffs to serve and file their proposed findings of fact and conclusions of law by November 12, 2014 (Docket Item 24, ¶ 1).  My September 12, 2014 Order further provided:

> Defendants shall submit their response to Plaintiffs' submissions, if any, no later than December 12, 2014.  IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS' SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY DECEMBER 12, 2014 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFFS' WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")

(Docket Item 24, ¶ 2) (emphasis in original).

Defendants have not made any written submission to me, nor have the defendants contacted my chambers in any way. Accordingly, I make the following findings of fact and conclu-

sions of law on the basis of plaintiff's[1] written submissions alone.

For the reasons set forth below, I respectfully recommend that the court enter judgment for plaintiff against defendants DonnyCarney Restaurant L.L.C. and Paul Desmond Hurley as follows:  (1) $23,840.76 for unpaid wages and overtime, (2) $33,069.12 for liquidated damages, (3) $3,840.25 in prejudgment interest through August 7, 2015, (4) $2,500.00 for statutory damages, (5) post-judgment interest, (6) $20,024.50 for attorneys' fees and (7) $1,376.59 for costs.  The total recommended award is $84,651.22 plus pre-judgment interest accruing at a rate of $2.12 per day from August 8, 2015 through the entry of judgment and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(b).

II.  <u>Findings of Fact</u>

1.  Plaintiff Ramon Collado was employed as a promoter by DonnyCarney Restaurant L.L.C., doing business as O'Casey's,

---

[1]While plaintiff originally brought this matter as a collective and class action, he has not moved for collective or class certification and seeks compensation only for his individual claims (Memorandum of Law in Support of Plaintiff's Motion for Actual Damages, Liquidated Damages, Statutory Damages, Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Costs, dated November 14, 2014 (Docket Item 30) ("Pl.'s Mem."), at 1).

from no later than January 1, 2010[2] through November 1, 2013 (Complaint, dated May 29, 2014 (Docket Item 1) ("Compl.") ¶¶ 3, 36-37).[3]   Plaintiff's primary duty was to distribute O'Casey's flyers to pedestrians (Compl. ¶ 37).   O'Casey's is a bar and restaurant in Manhattan (Compl. ¶ 35).

2.   Defendant DonnyCarney Restaurant L.L.C. is a New York limited liability corporation, having its principal place of business at 22 East 41st Street, New York, New York 10017 (Compl. ¶¶ 10, 35).

3.   Defendant Clonmel Restaurant Corp. is a New York corporation doing business as PD O'Hurley's, having its principal place of business at 557 12th Avenue, New York, New York 10036 (Compl. ¶ 11).

4.   Defendant Portmarnock Restaurant Corp. is a New York corporation doing business as Desmond's Steak House & Grill,

---

[2]Plaintiff is unable to recall his exact start date in late 2009, but he knows that he was employed by defendants no later than January 1, 2010 (Declaration of Ramon Collado in Support of Plaintiff's Motion for Actual Damages, Liquidated Damages, Statutory Damages, Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Costs, dated November 11, 2014 (Docket Item 31) ("Collado Decl.") ¶ 4 n.2).

[3]As a result of defendants' default, all the allegations of the complaint, except as to the amount of damages, must be taken as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973).

having its principal place of business at 513 7th Avenue, New York, New York 10018 (Compl. ¶ 12).

5.   Defendant Connemara Restaurant Corp. is a New York corporation doing business as Kennedy's and/or Desmond's, having its principal place of business at 327 West 57th Street, New York, New York 10019 and/or 818 10th Avenue, New York, New York 10019 (Compl. ¶ 13).

6.   Defendant Pier 45 Rest Inc. is a New York corporation doing business as Hudson River Park Café, having its principal place of business at Pier 45, Christopher Street Pier, New York, New York 10014 (Compl. ¶ 14).

7.   Defendant GBL Restaurant Corp. is a New York corporation doing business as Kennedy's, having its principal place of business at 327 West 57th Street, New York, New York 10019 (Compl. ¶ 15).

8.   Defendant Paul Desmond Hurley is the owner, co-owner and/or primary shareholder of each of the restaurant defendants, except PD O'Hurley's, of which he is the CEO (Compl. ¶ 16).   Hurley owns, operates and controls all of the restaurant defendants, which operate under the same policies with respect to the manner in which non-managerial employees are paid (Compl. ¶¶ 2, 33-34).   Hurley was plaintiff's direct supervisor and made

all managerial decisions on behalf of each of the restaurant defendants (Compl. ¶¶ 16, 34).

9.   Defendants engaged in interstate commerce by buying and selling food and supplies out-of-state and serving interstate and international customers, and plaintiff handled those goods (Compl. ¶ 17).  "Defendants' qualifying annual business exceeds $500,000" (Compl. ¶ 17).

10.   Plaintiff regularly worked a total of 50 hours per week (Compl. ¶¶ 3, 38).  Plaintiff worked 8 hours per day Monday through Friday (12:00 PM to 9:00 PM) and 10 hours per day on Saturday (11:00 AM to 10:00 PM) (Compl. ¶¶ 3, 38).  Plaintiff was allowed a one-hour break each day (Compl. ¶ 38).

11.   Plaintiff was paid daily in cash (Compl. ¶¶ 3, 42, 44).

12.   Plaintiff was not provided with an accurate and complete wage statement on each pay day (Compl. ¶¶ 3, 43).

13.   At the beginning of his employment, plaintiff was paid $7.00 per hour for the first 40 hours he worked or a rate of $280.00 per week (Collado Decl. ¶ 12).  He received no compensa-tion for the remaining 10 hours of work he performed (Collado

Decl. ¶ 14; Compl. ¶ 41).  Beginning March 1, 2012,[4] he was paid

$8.00 per hour for the first 40 hours he worked or a rate of

$320.00 per week (Collado Decl. ¶ 13).  He was not compensated

for the remaining 10 hours of work he performed (Collado Decl.

¶ 14; Compl. ¶ 41).[5]

---

[4]Although plaintiff's calculations indicate that he was paid
$7.00 per hour until and on March 1, 2012 and $8.00 per hour
beginning March 2, 2012, my calculations assume plaintiff was
paid $7.00 per hour through February 29, 2012 and $8.00 per hour
beginning March 1, 2012, because these are the dates set forth in
the complaint and plaintiff's own declaration (see Collado Decl.
¶¶ 12-13; Compl. ¶¶ 39-40).

[5]The complaint alleges that plaintiff was originally paid
$9.00 per hour through February 2012 and then $10.00 per hour for
the remainder of his employment (Compl. ¶ 39-40); however, in his
declaration, plaintiff states that this was incorrect and that he
was actually paid $7.00 per hour at the beginning of his
employment and $8.00 per hour beginning March 1, 2012 (Collado
Dec. ¶¶ 12 n.3, 13 n.4).  "Rule 54(c) provides that '[a] default
judgment must not . . . exceed in amount what is demanded in the
pleadings.'"  City of New York v. Mickalis Pawn Shop, LLC, 645
F.3d 114, 128 n.16 (2d Cir. 2011) (alteration in original),
quoting Fed.R.Civ.P. 54(c); see also Silge v. Merz, 510 F.3d 157,
161) (2d Cir. 2007).  Although the complaint alleges that
plaintiff made $9.00 per hour and, later, $10.00 per hour, i.e.,
above the minimum wage, plaintiff also clearly alleges both
federal and state minimum wage claims in the complaint (Compl.
¶¶ 1, 3, 18-21, 28, 41, 45, 53-59, 67-73).  Moreover, although
using the $7.00 and $8.00 hourly rates will result in an increase
in the amount of minimum wage compensation owed by defendants
(from zero to $1,127.00), it will also result in much larger
decrease in the amount of overtime compensation owed (from
$28,279.50 to $22,713.76), meaning that the total actual damages
recoverable ($23,840.76) will actually be less than the damages
sought in the complaint ($28,279.50).  Because the amount sought
here does not "exceed in amount" that which was sought in the
complaint, I rely upon the rates listed in plaintiff's
declaration.

14.   Defendants intentionally and willfully failed to furnish plaintiff with accurate wage statements and to pay plaintiff the required minimum wage and overtime compensation (Compl. ¶¶ 3, 20-21, 41, 43, 50, 57, 64, 71, 76).

15.   In support of his request for attorneys' fees, plaintiff has submitted a declaration from Michael J. Borrelli, a managing partner of Borrelli & Associates, P.L.L.C. ("B&A"), the firm retained to represent plaintiff (Declaration of Michael J. Borrelli, Esq. in Support of Plaintiff's Motion for Actual Damages, Liquidated Damages, Statutory Damages, Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Costs, dated November 14, 2014, (Docket Item 32) ("Borrelli Decl.") ¶ 1).   The declaration states that plaintiff is seeking to recover for 83.21 hours of legal and paralegal services as follows:

| Attorney | Rate Sought | No. of Hours | Fee Sought |
|---|---|---|---|
| Michael J. Borrelli<br>Founding and managing partner, primarily practicing labor and employment law for almost 13 years | $350/hour | 3.40 | $1,190.00 |
| Alexander T. Coleman<br>"Senior Counsel" with 5 years at B&A, largely handles employment cases | $275/hour | 19.70 | $5,417.50 |
| Vivian Walton<br>Associate, 2001 law school graduate | $250/hour | 59.05 | $14,762.50 |
| Ana G. Guevara<br>"Office manager" with paralegal duties, B&A paralegal for 3 years | $75/hour | 0.40 | $30.00 |
| Isaura Collado<br>Paralegal | $75/hour | 0.66 | $49.50 |
| | | Total | $21,449.50 |

(Borrelli Decl., ¶¶ 19, 35, 51-53, 59, 65, 68, 71).

16.   Counsel provided the qualifications of each attorney and staff member performing paralegal duties for whom fees are sought (Borrelli Decl., ¶¶ 35-73).  Annexed to the declaration are time records maintained by the attorneys and staff members which indicate the date, the hours expended and the

nature of the work performed by each (Borrelli Decl. ¶¶ 16, 19 & Exhibit F ("Invoice") thereto).[6]

III.  Conclusions of Law

     A.  Jurisdiction and Venue

     17.  This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.

     18.  The Court has supplementary jurisdiction over the state-law claims asserted in the complaint pursuant to 28 U.S.C. § 1367(a).

     19.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)-(d) because the events that gave rise to the claims occurred within this district and one or more of the defendants reside within this district.

---

     [6]In his declaration, Borrelli notes that the time records are over-inclusive, reflecting 126.51 hours of work expended by attorneys and paralegals at B&A in this action; however, plaintiff only seeks reimbursement for 83.21 hours of that time (Borrelli Decl. ¶¶ 16, 19).

B.   Wage Claims

    1.   Recovery of Minimum Wage and
        Overtime Under the FLSA and NYLL

    20.   Pursuant to the FLSA and NYLL, an employee is entitled to at least the minimum wage and, for hours worked in excess of 40 hours per week, one and one-half times the greater of the employee's hourly rate or the minimum wage.  29 U.S.C. §§ 206(a), 207(a)(1); N.Y. Labor L. § 652; 12 N.Y.C.R.R. §§ 142-2.1, -2.2; Rosendo v. Everbrighten Inc., 13 Civ. 7256 (JGK)(FM), 2015 WL 1600057 at *3-*4 (S.D.N.Y. Apr. 7, 2015) (Maas, M.J.) (Report and Recommendation).

    21.   "In order to establish liability under the FLSA, a plaintiff must prove [among other things] that both the employee and the employer are covered by the law." Liang Huo v. Go Sushi Go 9th Ave., 13 Civ. 6573 (KBF), 2014 WL 1413532 at *2 (S.D.N.Y. Apr. 10, 2014) (Forrest, D.J.).  The FLSA applies to employees who are "engaged in commerce or in the production of goods for commerce" or where their employer is "an enterprise engaged in commerce or in the production of goods for commerce," meaning, among other things, that it "has employees engaged in commerce" or it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

11

commerce by any person" and its "annual gross volume of sales
made or business done is not less than $500,000."  29 U.S.C.
§§ 203(s)(1), 206(a).  "The requirements to make out a claim
under the NYLL mirror the FLSA in most respects; however, the
NYLL does not require a plaintiff to show that the employer was
involved in interstate commerce or had $500,000 in minimum annual
sales."  Liang Huo v. Go Sushi Go 9th Ave., supra, 2014 WL
1413532 at *3; see N.Y. Labor L. § 652; 12 N.Y.C.R.R. § 142-2.2.

        22.  Plaintiff and defendants Hurley and DonnyCarney
Restaurant L.L.C. are covered under the FLSA and NYLL.  29 U.S.C.
§§ 203(s)(1), 206(a); N.Y. Labor L. § 652; 12 N.Y.C.R.R. § 142-
2.2.

        23.  At all times relevant to plaintiff's claims, the
FLSA and the NYLL provided for an identical minimum wage rate --
$7.25 per hour.  29 U.S.C. § 206; N.Y. Labor L. § 652; 12
N.Y.C.R.R. § 142-2.1(a).  Additionally, at all relevant times,
both federal and state law required that employees be paid not
less than one and one-half times the regular rate for any time
worked beyond the first 40 hours per week.  29 U.S.C.
§ 207(a)(1); N.Y. Labor L. § 652; 12 N.Y.C.R.R. § 142-2.2.

        24.  Plaintiff seeks $23,804.40 in unpaid wages (Compl.
¶¶ 46-73; Pl.'s Mem., at 5).  In computing his lost wages,
plaintiff claims to have worked 50 hours per week from no later

than January 1, 2010 through November 1, 2013 (Collado Decl. ¶¶ 12-13).

25.   In an FLSA case, "[i]n the absence of rebuttal by defendants, a plaintiff's recollection and estimates of hours worked are presumed to be correct." Agudelo v. E & D LLC, 12 Civ. 0960 (HB), 2012 WL 6183677 at *2 (S.D.N.Y. Dec. 11, 2012) (Baer, D.J.), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946).

26.   From January 1, 2010 through February 29, 2012, plaintiff worked 112.7 weeks and was paid $280.00 per week, or $7.00 per hour for the first 40 hours he worked each week and nothing for the remaining 10 hours per week (Collado Decl. ¶ 12). He should have been paid a base minimum hourly wage of $7.25 under state law.[7]  He also should have been paid overtime compensation for the 10 hours per week he worked in excess of 40 hours. The overtime rate is one and one half times the regular rate or $10.88 per hour.  Calculating the 10 overtime hours at $10.88 per

---

[7]Plaintiff's FLSA claim is time-barred with respect to the period preceding May 30, 2011.  See 29 U.S.C. § 255(a) (under the FLSA, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued" (emphasis added)).  Actual damages will be calculated pursuant to New York law, which imposes a six year limitations period.  See N.Y. Labor L. § 663(3).  Because the minimum wage was the same under both federal and state law during plaintiff's employment, there is no difference between the amount of lost wages recoverable under either.

hour plus the 40 hours at $7.25 per hour yields a sum of $398.80 per week.  Deducting the $280.00 per week plaintiff actually was paid leaves an unpaid balance of $118.80 per week for 112.7 weeks, or $13,388.76.

27.  From March 1, 2012 through November 1, 2013, plaintiff worked 87.1 weeks and was paid $320.00 per week, or $8.00 per hour for the first 40 hours he worked each week and nothing for the remaining 10 hours per week (Collado Decl. ¶ 13). He was paid above the base minimum wage of $7.25 per hour but was not paid the required overtime rate of $12.00 per hour.  Plaintiff is owed $120.00 for each of the weeks he worked after March 1, 2012 (10 hours x $12.00 per hour).  The total unpaid overtime for this period is $10,452.00 ($120.00 per week x 87.1 weeks).

28.  Plaintiff's total underpayment from January 1, 2010 through November 1, 2013 is $13,388.76 plus $10,452.00, or $23,840.76.  Thus, plaintiff is entitled to $23,840.76 in unpaid wages.

2.  Liquidated Damages

29.  An employer who violates the FLSA is liable not only for unpaid wages and overtime compensation, but also for "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  FLSA liquidated damages are compensatory rather than

punitive in nature.  Irizarry v. Catsimatidis, 722 F.3d 99, 116
(2d Cir. 2013), cert. denied, 134 S. Ct. 1516 (2014).  The
defendant bears the burden of proving that liquidated damages are
unwarranted by "establishing, by plain and substantial evidence,
subjective good faith and objective reasonableness.  The burden .
. . is a difficult one to meet, however, and double damages are
the norm, single damages the exception."  Reich v. S. New England
Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997) (internal quota-
tion marks and citation omitted); accord Gayle v. Harry's Nurses
Registry, Inc., 594 F. App'x 714, 718 (2d Cir. 2014) (summary
order), cert. denied, 135 S. Ct. 2059 (2015); Kim v. Kum Gang,
Inc., 12 Civ. 6344 (MHD), 2015 WL 2222438 at *28 (S.D.N.Y. Mar.
19, 2015) (Dolinger, M.J.).

        30.  Likewise, the NYLL also permits employees to
recover as liquidated damages 25% of the total unpaid wages prior
to and including April 8, 2011 and 100% of the total unpaid wages
thereafter.  N.Y. Labor L. § 663(1); see Alvarez v. 215 N. Ave.
Corp., 13 Civ. 7049 (NSR)(PED), 2015 WL 3855285 at *3 (S.D.N.Y.
June 19, 2015) (Román, D.J.) (adopting Report and Recommendation
of Davison, M.J.).  The NYLL's good faith standard is substan-
tially the same as the FLSA's willfulness standard.  Inclan v.
New York Hosp. Grp., 12 Civ. 4498 (NRB), 2015 WL 1399599 at *11

15

(S.D.N.Y. Mar. 26, 2015) (Buchwald, D.J.) (collecting cases).[8]
However, unlike FLSA liquidated damages, NYLL liquidated damages
are designed to be punitive.  Reilly v. NatWest Mkts. Grp. Inc.,
181 F.3d 253, 265 (2d Cir. 1999); accord Nunez v. Francis Deli
Grocery, 13 Civ. 4894 (ER)(KNF), 2015 WL 1963630 at *4 (S.D.N.Y.
Apr. 30, 2015) (Ramos, D.J.) (adopting Report and Recommendation
of Fox, M.J.).

        31.  Plaintiff seeks an award of $15,132.00 in FLSA
liquidated damages and $18,012.90 in NYLL liquidated damages, or
$33,144.90 in combined liquidated damages (Compl. ¶¶ 52, 59, 66,
73; Pl.'s Mem., at 9, 12).

        32.  Courts in this Circuit disagree with regard to
whether a plaintiff may recover liquidated damages under both the
FLSA and NYLL for the same violations.  Nunez v. Francis Deli
Grocery, supra, 2015 WL 1963630 at *4; see also Perez v. Platinum
Plaza 400 Cleaners, Inc., 12 Civ. 9353 (PAC), 2015 WL 1881080 at
*3 (S.D.N.Y. Apr. 24, 2015) (Crotty, D.J.) (noting a "split of

_____

        [8]"Until 2009, liquidated damages were imposed only if the
[plaintiff] demonstrated that [defendants'] violation was
willful," but "[e]ffective November 24, 2009, New York law
incorporated the federal standard and shifted the burden of proof
to the [defendants]" to prove a good faith basis for believing
that their underpayment of wages complied with the law.  Galeana
v. Lemongrass on Broadway Corp., 10 Civ. 7270 (GBD)(MHD), 2014 WL
1364493 at *7 (S.D.N.Y. Apr. 4, 2014) (Daniels, D.J.) (adopting
Report and Recommendation of Dolinger, M.J.).

                                16

authority"); Rosendo v. Everbrighten Inc., supra, 2015 WL 1600057
at *5-*6 (collecting cases granting and denying the award of both
federal and state liquidated damages).  "[M]ost courts have held
that a plaintiff who satisfies both statutes may recover liqui-
dated damages under both." Kim v. Kum Gang, Inc., supra, 2015 WL
2222438 at *29 (collecting cases); see Alvarez v. 215 N. Ave.
Corp., supra, 2015 WL 3855285 (noting that the "majority" of
courts award both).  These courts reason that "[b]ecause liqui-
dated damages under the FLSA and NYLL 'serve fundamentally
different purposes,' a court may order separate awards under both
statutes." He v. Home on 8th Corp., 09 Civ. 5630 (GBD), 2014 WL
3974670 at *7 (S.D.N.Y. Aug. 13, 2014) (Daniels, D.J.), quoting
Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 262 (S.D.N.Y.
2008) (Dolinger, M.J.) (noting that the FLSA's liquidated damages
provision is compensatory, whereas the NYLL provides for liqui-
dated damages as a penalty to deter employers); contra Inclan v.
New York Hospitality Grp., Inc., supra, 2015 WL 1399599 at *12
(declining to award both NYLL and FLSA liquidated damages because
any distinction between the purposes of the two was "undermined"
by amendments to the NYLL which made it virtually identical to
the FLSA after November 23, 2009).  I shall follow the majority
view and conclude that plaintiff may recover liquidated damages
under both the FLSA and NYLL.

33.   Because plaintiff did not file his complaint until May 30, 2014, his FLSA claim is time-barred with respect to claims arising out of work done before May 30, 2011.  However, he can recover FLSA liquidated damages from May 30, 2011 through November 1, 2013.  In addition, his entire period of employment falls within the NYLL six-year limitations period.  Thus, plain-tiff is also entitled to liquidated damages at the NYLL rate of 25% of the unpaid wages from January 1, 2010 through April 8, 2011 and 100% of the unpaid wages from April 9, 2011 to November 1, 2013.[9]

34.   From May 30, 2011 through February 29, 2012, plaintiff worked 39.3 weeks and his unpaid wages were $4,668.84 (he was underpaid $118.80 per week for 39.3 weeks).  He should also be awarded this sum as FLSA liquidated damages for this period.

35.   From March 1, 2012 through November 1, 2013, plaintiff's unpaid wages were $10,452.00.  He should be awarded

---

[9]Plaintiff erroneously calculates the NYLL liquidated damages at 25% of his unpaid wages from January 1, 2010 through April 9, 2011 and 100% of his unpaid wages from April 9, 2011 through November 1, 2013, apparently doubly counting April 9, 2011 (Pl.'s Mem., at 10-12).  Plaintiff could recover NYLL liquidated damages at a rate of 100% of his unpaid wages beginning on April 9, 2011.  See N.Y. Labor L. §§ 198(1-a), 663(1); Kuebel v. Black & Decker Inc., 643 F.3d 352, 366 (2d Cir. 2011); Alvarez v. 215 N. Ave. Corp., supra, 2015 WL 3855285 at *3.

twice this figure as both FLSA and NYLL liquidated damages, for a total of $20,904.00 in liquidated damages for this period.

36.  From January 1, 2010 through April 8, 2011, plaintiff worked 66 weeks and his unpaid wages were $7,840.80 (he was underpaid $118.80 per week for 66 weeks).  Twenty-five percent of $7,840.80 is $1,960.20, which plaintiff should be awarded as NYLL liquidated damages for this period.

37.  From April 9, 2011 through February 29, 2012, plaintiff worked 46.6 weeks and his unpaid wages were $5,536.08 (he was underpaid $118.80 per week for 46.6 weeks), which he should be awarded as NYLL liquidated damages for this period.

38.  Adding the foregoing amounts of liquidated damages yields a sum of $33,069.12 ($4,668.84 + $20,904.00 + $1,960.20 + $5,536.08).  Plaintiff should be awarded this sum as liquidated damages.

### 3.  Pre-judgment Interest

39.  Plaintiff seeks the award of pre-judgment interest at an annual rate of 9% of his unpaid wages under the NYLL from December 1, 2010 through November 1, 2013 (Pl.'s Mem., at 15-16). Plaintiff calculates the amount of interest owed through November 14, 2014 as $6,298.66 (or 9% of $23,804.40 x 2.94 years, the

amount in unpaid wages that plaintiff seeks pursuant to the NYLL) (Pl.'s Mem., at 16).

40. "It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages." Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988), citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 714-16 (1945); accord Nunez v. Francis Deli Grocery, supra, 2015 WL 1963630 at *6. Because both FLSA liquidated damages and pre-judgment interest are compensatory, the award of both would be duplicative. Galeana v. Lemongrass on Broadway Corp., supra, 2014 WL 1364493 at *11. However, as discussed above, NYLL liquidated damages are punitive, and, therefore, even where NYLL liquidated damages are awarded, pre-judgment interest may be awarded pursuant to New York C.P.L.R. Section 5001. Tackie v. Keff Enters. LLC, 14 Civ. 2074 (JPO), 2014 WL 4626229 at *5 (S.D.N.Y. Sept. 16, 2014) (Oetken, D.J.); see Reilly v. NatWest Mkts. Grp. Inc., supra, 181 F.3d at 265; Galeana v. Lemongrass on Broadway Corp., supra, 2014 WL 1364493 at *11.

41. Because plaintiff is entitled to recover FLSA liquidated damages from May 30, 2011 through November 1, 2013, plaintiff may recover pre-judgment interest only for unpaid wages and overtime compensation owed for the period prior to the period

20

covered by the FLSA, i.e., from January 1, 2010 through May 29,
2011.

42.  From January 1, 2010 through May 29, 2011, plain-
tiff worked 73.3 weeks and his unpaid wages were $8,708.04 (he
was underpaid $118.80 for 73.3 weeks).

43.  New York's statutory interest rate is 9% per year.
N.Y. C.P.L.R. § 5004; Alvarez v. N. Ave. Corp., supra, 2015 WL
3855285 at *3.  Where unpaid wages "were incurred at various
times, interest shall be computed upon each item from the date it
was incurred or upon all of the damages from a single reasonable
intermediate date."  N.Y. C.P.L.R. § 5001(b).  Courts in this
Circuit have frequently used the midpoint of the period for which
wages were awarded to calculate pre-judgment interest.  See,
e.g., Alvarez v. 215 N. Ave. Corp., supra, 2015 WL 3855285 at *7;
Easterly v. Tri-Star Transp. Corp., 11 Civ. 6365 (VB), 2015 WL
337565 at *10 (S.D.N.Y. Jan. 23, 2015) (Briccetti, D.J.) (adopt-
ing Report and Recommendation of Davison, M.J.); Palacios v. Z &
G Distribs., Inc., 11 Civ. 2538 (AT)(FM), 2013 WL 4007590 at *4
(S.D.N.Y. Aug. 6, 2013) (Maas, M.J.) (Report and Recommendation).

44.  Plaintiff worked 513 days for defendants from
January 1, 2010 through May 29, 2011.  Thus, the midpoint for
this period of employment would be at 257 days or September 15,
2010.  Plaintiff's pre-judgment interest will be calculated from

September 15, 2010.  The period from that date to Friday, August 7, 2015, the deadline for objections to this report and recommendation, is 4.9 years.

45.  Simple interest is computed by multiplying the principal by the interest rate by the time period.  Plaintiff is entitled to an award of $3,840.25 in pre-judgment interest from September 15, 2010 through August 7, 2015 ($8,708.04 x 0.09 interest x 4.9 years).  Because plaintiff may recover pre-judgment interest through the date of entry of judgment, after August 7, 2015, pre-judgment interest will continue to accumulate at a rate of $2.12 per day ($8,708.04 x 0.09 interest x 0.0027 (or 1 day divided by 365 days)).  Accordingly, I respectfully recommend that plaintiff be awarded $3,840.25 in pre-judgment interest through August 7, 2015, as well as $2.12 per day thereafter until the entry of judgment.

4.   NYLL Statutory Damages for
     Failure to Furnish Proper Wage Statements

46.  Plaintiff also seeks an award of $2,500.00 in statutory damages because he was not provided with wage statements as required by the NYLL (Compl. ¶¶ 74-77; Pl.'s Mem., at 15).

22

47.   New York's Wage Theft Prevention Act ("WTPA") "obligates an employer to furnish each employee with a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details."  Yuquilema v. Manhattan's Hero Corp., 13 Civ. 461 (WHP)(JLC), 2014 WL 4207106 at *10 (S.D.N.Y. Aug. 26, 2014) (Cott, M.J.) (Report and Recommendation) (internal quotation marks and citation omitted), adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) (Pauley, D.J.); see N.Y. Labor L. § 195(3).  For the period between April 9, 2011 and February 27, 2015, the WTPA permitted employees to recover "damages of [$100] for each week that the violations occurred . . . but not to exceed a total of $2,500."  N.Y. Labor L. § 198(1-d) (McKinney 2011); 2010 N.Y. Sess. Laws ch. 564 (McKinney).

48.   Because, from April 9, 2011 until November 1, 2013, or for 133.9 weeks, defendants failed to furnish plaintiff with the required wage statements (Compl. ¶¶ 3, 43, 74-78), I respectfully recommend that plaintiff be awarded statutory damages in the amount of $2,500.00.

5.   Post-Judgment Interest

49.   Plaintiff seeks an award of post-judgment interest pursuant to federal law (Pl.'s Mem., at 17).

23

50.   An award of post-judgment interest is mandatory in civil cases.  28 U.S.C. § 1961(a); Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008); accord Pinovi v. FDD Enters., Inc., 13 Civ. 2800 (GBD)(KNF), 2015 WL 4126872 at *7 (S.D.N.Y. July 8, 2015) (Daniels, D.J.).  The award is governed by the federal rate as described in 28 U.S.C. § 1961.  Bazignan v. Team Castle Hill Corp., 13 Civ. 8382 (PAC), 2015 WL 1000034 at *6 (S.D.N.Y. Mar. 5, 2015) (Crotty, D.J.).

51.   Accordingly, I respectfully recommend that plaintiff be awarded post-judgment interest at the rate authorized by 28 U.S.C. § 1961(a).

C.   Attorneys' Fees and Costs

1.   Attorneys' Fees

52.   Plaintiff also seeks $21,449.50 in attorneys' fee for a total of 83.21 hours of legal work (Compl. ¶ 78; Pl.'s Mem., at 23).

53.   Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); see Jimenez v. KLB Food, Inc., 12 Civ. 6796 (JPO), 2015 WL 3947273 at *1 (S.D.N.Y. June 29, 2015)

24

(Oetken, D.J.).  The NYLL also provides that a successful plain-
tiff may recover attorneys' fees and costs.  N.Y. Labor L.
§§ 198, 663(1).  Whether an attorneys' fee award is reasonable is
within the discretion of the court.  Black v. Nunwood, Inc., 13
Civ. 7207 (GHW), 2015 WL 1958917 at *4 (S.D.N.Y. Apr. 30, 2015)
(Woods, D.J.).

54.  In determining the amount of reasonable attorneys'
fees, "[b]oth [the Second Circuit] and the Supreme Court have
held that the lodestar -- the product of a reasonable hourly rate
and the reasonable number of hours required by the case --
creates a 'presumptively reasonable fee.'"  Millea v. Metro-North
R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011), citing Perdue v.
Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010), and Arbor Hill
Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d
182, 183 (2d Cir. 2008).

55.  The party seeking fees bears the burden of estab-
lishing that the hourly rates and number of hours for which
compensation is sought are reasonable.  See Cruz v. Local Union
No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir.
1994).

56.  The contemporaneous time records submitted by
plaintiff's counsel satisfy the requirements of New York State

Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

> a.  Reasonable
>     Hourly Rates

57.  The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, supra, 522 F.3d at 184.  This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984); accord Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006).  "[C]ourts should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, supra, 522 F.3d at 192, quoting In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987).  Courts should consider the rates approved in other cases in the district as well as any evidence offered by the parties. Farbotko v. Clinton County, 433 F.3d 204, 208-09 (2d Cir. 2005).  The court is also free to rely on its own familiarity with prevailing rates in the district. A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 82 (2d

26

Cir. 2005); <u>Miele v. N.Y. State Teamsters Conf. Pension & Ret.</u>
<u>Fund</u>, 831 F.2d 407, 409 (2d Cir. 1987).

58.   In determining reasonable hourly rates, a court
should first examine the attorneys' experience.   <u>Kahlil v.</u>
<u>Original Old Homestead Rest., Inc.</u>, 657 F. Supp. 2d 470, 475
(S.D.N.Y. 2009) (Holwell, D.J.), <u>citing</u> <u>Marisol A. ex rel. Forbes</u>
<u>v. Giuliani</u>, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (Ward,
D.J.).

59.   Michael J. Borrelli is the founding and managing
partner of B&A with almost 13 years of labor and employment
litigation experience in state and federal courts (Borrelli Decl.
¶¶ 35, 45-46).   He typically bills $500 per hour but seeks a
reduced hourly rate of $350 (Borrelli Decl. ¶¶ 49-50).   Alexander
T. Coleman is "Senior Counsel" with 5 years of experience at B&A
and oversees and directly supervises all B&A associates' work
(Borrelli Decl. ¶¶ 51-53, 61).   He has litigated numerous employ-
ment discrimination and wage and hour cases in both state and
federal courts (Borrelli Decl. ¶¶ 59-60).   Coleman typically
bills $400 per hour but seeks a reduced hourly rate of $275
(Borrelli Decl. ¶¶ 62-63).   Vivian Walton graduated from law
school in 2001 and practiced at another law firm and worked at
Bloomberg, L.P. before joining B&A in October 2014 as an associ-

ate (Borrelli Decl. ¶ 65).  She typically bills $400 per hour but seeks a reduced hourly rate of $250 (Borrelli Decl. ¶¶ 66-69).

60.  Ana Guerva is a "bilingual office manager" who performed paralegal services in this action and previously worked for three years as a paralegal at B&A (Borrelli Decl. ¶ 68).[10] She has an associates degree and paralegal certificate from Nassau Community College (Borrelli Decl. ¶ 68).  Isaura Collado is a paralegal and has an associates degree from LaGuardia Community College and a paralegal certificate from Queens College (Borrelli Decl. ¶ 71).  B&A typically bills $125 per hour for paralegals but seeks a reduced hourly rate of $75 for both Guerva and Collado (Borrelli Decl. ¶¶ 72-73).

61.  "[A]ttorneys in FLSA cases typically command hourly rates . . . between $250 and $450 per hour, depending on their level of experience." Rosendo v. Everbrighten Inc., supra, 2015 WL 1600057 at *8, citing Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (Marrero, D.J.) (adopting Report and Recommendation of Maas, M.J.).  Here, the rates sought are less than or equal to those recently awarded to B&A attorneys and paralegals in wage and hour cases.  See, e.g., Alvarez v. 215 N.

_____

[10]Although Guerva is the office manager, for this action she functioned as a paralegal; therefore, fees may be awarded for her paralegal services.  See Abdell v. City of New York, 05 Civ. 8453 (RJS), 2015 WL 898974 at *4 n.2 (S.D.N.Y. Mar. 2, 2015) (Sullivan, D.J.).

Ave. Corp., supra, 2015 WL 3855285 at *8 ($350 to Borrelli, $275 to Coleman and $75 to two paralegals); Patino v. Brady Parking, Inc., 11 Civ. 3080 (AT)(DF), 2015 WL 2069743 at *2-*3 (S.D.N.Y. Apr. 30, 2015) (Freeman, M.J.) ($400 to Borrelli, $300 to Coleman and $250 to two associates). The hourly rates sought by plaintiff are reasonable. See, e.g., Black v. Nunwood, Inc., supra, 2015 WL 1958917 at *5-*6 ($350 for partners, $285 for senior associate and $75 for paralegal); Marquez v. Erenler, Inc., 12 Civ. 8580 (GHW), 2014 WL 5847441 at *3 (S.D.N.Y. Nov. 10, 2014) (Woods, D.J.) ($400 for named partner and $300 for senior associate); Reiseck v. Universal Commc'ns of Miami, Inc., 06 Civ. 0777 (LGS)(JCF), 2014 WL 5374684 at *6 (S.D.N.Y. Sept. 4, 2014) (Francis, M.J.) (Report and Recommendation) ($95 to $115 for paralegals), adopted, 2014 WL 5364081 (S.D.N.Y. Oct. 22, 2014) (Schofield, D.J.); Liang Huo v. Go Sushi Go 9th Ave., supra, 2014 WL 1413532 at *7-*8 ($350 for attorney with 10 years of experience).

> b. Reasonable
>    Number of Hours

62. The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records.  See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998).  Next the court looks to "its own familiarity with the case and its experience generally . . . .  Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court."  AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).

*     *     *

Finally, billing judgment must be factored into the equation.  Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36.  If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours.  In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00

Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002)

(Preska, D.J.); accord Hensley v. Eckerhart, 461 U.S. 424, 434

(1983) (Courts "should exclude . . . hours that were not reason-

ably expended," such as where there is overstaffing or the hours
are "excessive, redundant, or otherwise unnecessary." (internal
quotation marks omitted)); see also Gierlinger v. Gleason, 160
F.3d 858, 876 (2d Cir. 1998); Orchano v. Advanced Recovery, Inc.,
107 F.3d 94, 98 (2d Cir. 1997); Marquez v. Erenler, Inc., supra,
2014 WL 5847441 at *3; Finch v. New York State Office of Chil-
dren & Family Servs., 861 F. Supp. 2d 145, 151 & n.29 (S.D.N.Y.
2012) (Scheindlin, D.J.); Sulkowska v. City of New York, 170 F.
Supp. 2d 359, 365 (S.D.N.Y. 2001) (Schwartz, D.J.).

    63.  In general, plaintiff's counsel's time records
reflect that senior attorney Coleman managed the case with
minimal oversight by Borrelli and that associate Walton primarily
drafted the submissions requesting damages; these are reasonable
staffing decisions (see Invoice, passim).  Of the 83.21 hours for
which plaintiff seeks fees, 51.16 hours were reasonably spent by
Walton calculating damages and drafting plaintiff's application
for damages (Invoice, at 10-12).

    64.  However, plaintiff's counsel seek reimbursement
for 2.5 hours spent by Borrelli and 1.0 hour spent by Coleman (35
entries in total) "review[ing] electronic court filing system
bounce[s] and contents therein regarding" court filings and
related email correspondence (see, e.g., Invoice, at July 29,
2014 MJB & ATC entries, August 7, 2014 MJB entry).  A majority of

31

these "bounces" are merely notifications that plaintiff's counsel themselves electronically filed documents or erroneously filed a document (see, e.g., Invoice, at June 5, 2014 ATC entry, August 29, 2014 MJB entries).  The remainder are court orders.  It is unclear why it was necessary for two experienced attorneys to review many of these basic notifications (see, e.g., Invoice, at August 27, 2014 entry (Borrelli and Coleman each spent 0.1 hours reviewing the same notice)).  The time spent reviewing these notifications for which compensation is sought is unreasonable. See Castellanos v. Deli Casagrande Corp., No. CV 11-245 (JFB)(AKT), 2013 WL 1207058 at *11 (E.D.N.Y. Mar. 7, 2013) (reducing award of fees to B&A attorneys for time spent reviewing ECF bounces).  Thus, I respectfully recommend that reimbursement for this time be disallowed in its entirety.

      65.  In addition, Coleman seeks reimbursement for 2.0 hours spent traveling to and from court for an appearance on September 8, 2014 (Invoice, at 9).  "Travel time by counsel is compensable, but generally is required to be billed at half rate." Kim v. Kum Gang, Inc., supra, 2015 WL 3536593 at *6; see also Adusumelli v. Steiner, 08 Civ. 6932 (JMF), 09 Civ. 4902 (JMF), 10 Civ. 4549 (JMF), 2013 WL 1285260 at *5 (S.D.N.Y. Mar. 28, 2013) (Furman, D.J.) (noting that "courts in the Second Circuit regularly reduce attorneys' fees by 50 percent for travel

time" (internal quotation marks and citation omitted)).  Accord-
ingly, I respectfully recommend that the number of hours sought
by Coleman be reduced by 1.0 hour.

        66.  Finally, although "block billing is most problem-
atic where large amounts of time (e.g., five hours or more) are
block billed," Beastie Boys v. Monster Energy Co., 12 Civ. 6065
(PAE), 2015 WL 3823924 at *18 (S.D.N.Y. June 15, 2015) (Engel-
mayer, D.J.), block billing is "not prohibited in this Circuit as
long as the Court can determine the reasonableness of the work
performed." Zimmerman v. Portfolio Recovery Assocs., LLC, 09
Civ. 4602 (PGG), 2013 WL 6508813 at *11 (S.D.N.Y. Dec. 12, 2013)
(Gardephe, D.J.) (internal quotation marks and citation omitted).
Here, Walton's time entries reflect frequent block billing with
large amounts of time (see, e.g., Invoice, at November 6, 2014 VW
entry (7.02 hours), November 10, 2014 VW entry (8.24 hours) and
November 13, 2014 VW entry (7.89 hours)).  However, these entries
are detailed and clearly describe the work performed.  For
example, on November 16, 2014, Walton billed 7.02 hours to

        Draft, review and revise memorandum of law; review case
        information; calculate liquidated damages, for FLSA,
        NYLL method one and two; calculate weeks for damages;
        revise plaintiff's declaration; draft and review
        Borrelli declaration; confer w/ Wilkens Gilles,
        Paralegal regarding billing statements and exhibits

(Invoice, at 10).  Because Walton's block billing does not
prevent the evaluation of the reasonableness of the time spent,

no reduction is needed.  Beastie Boys v. Monster Energy Co.,
supra, 2015 WL 3823924 at *19 (collecting cases); see Hnot v.
Willis Grp. Holdings Ltd., 01 Civ. 6558 (GEL), 2008 WL 1166309 at
*6 (S.D.N.Y. Apr. 7, 2008) (Lynch, then D.J., now Cir. J.).

 67.  The remaining hours for which compensation are
sought are not vague, excessive or duplicative.  Plaintiff's
counsel spent reasonable hours obtaining the default judgment
against defendants, especially in light of the added burden of
addressing the alleged unauthorized practice of law on behalf of
defendants by paralegal Patrick Kelly (see Order, dated July 28,
2014 (Docket Item 5)).

  c.  Summary

 68.  Applying the foregoing reductions and rates
yields:

| Attorney | Rate Sought | No. of Hours | Fee Sought |
|---|---|---|---|
| Michael J. Borrelli | $350/hour | 0.90 | $315.00 |
| Alexander T. Coleman | $275/hour | 17.70 | $4,867.50 |
| Vivian Walton | $250/hour | 59.05 | $14,762.50 |
| Ana G. Guevara | $75/hour | 0.40 | $30.00 |
| Isaura Collado | $75/hour | 0.66 | $49.50 |
| | Total | 78.71 | $20,024.50 |

69.  Accordingly, I recommend that plaintiff be awarded $20,024.50 in attorneys' fees.

2.  Costs

70.  Plaintiff seeks an award of costs incurred during this action totaling $1,376.59, comprised of $400.00 in filing fees, $745.00 for service of process, $182.29 in mailing expenses, $15.30 for Westlaw research and $34.00 in travel expenses (Borrelli Decl., Exhibits G-I, Compl., at 17; Pl.'s Mem., at 23-24).

71.  Plaintiff may be reimbursed for the reasonable costs of this action pursuant to both the FLSA and NYLL.  29 U.S.C. § 216(b); N.Y. Labor L. §§ 198, 663(1).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients."  Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted); accord LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); Rubenstein v. Advanced Equities, Inc., 13 Civ. 1502 (PGG), 2015 WL 585561 at *9 (S.D.N.Y. Feb. 10, 2015) (Gardephe, D.J.); Jimenez v. KLB Foods, Inc., supra, 2015 WL 3947273 at *4.  Courts, in their discretion, have awarded reasonable costs for various expenses, including computer re-

35

search, attorney transportation and meals, mailing and copying fees and service and filing fees.  See, e.g., Kim v. Kum Gang, Inc., supra, 2015 WL 3536593 at *7; Rosendo v. Everbrighten Inc., supra, 2015 WL 1600057 at *9; Reiseck v. Universal Commc'ns of Miami, Inc., supra, 2014 WL 5374684 at *8; Custodio v. Am. Chain Link & Constr., Inc., 08 Civ. 7148 (GBD)(HBP), 2014 WL 116147 at *18-*20 (S.D.N.Y. Jan. 13, 2014) (Daniels, D.J.) (adopting Report and Recommendation).  Here, the costs are reasonable.

72.  Accordingly, I also recommend that plaintiff be awarded $1,376.59 in costs.

D.  Defendants against Which
     Judgment Should be Entered

73.  Plaintiff alleges that he worked for DonnyCarney Restaurant L.L.C. and that Hurley owned DonnyCarney Restaurant L.L.C., was plaintiff's direct supervisor and established the policies under which employees were paid.

74.  The FSLA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  This definition is to be construed expansively.  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999).  Both DonnyCarney Restaurant L.L.C. and Hurley are plaintiff's employers within the meaning of the FLSA

and the New York Labor Law.  <u>Ke v. Saigon Grill</u>, <u>supra</u>, 595 F.
Supp. 2d at 264.

75.  Although the complaint alleges a relationship
between the other restaurant defendants and Hurley, it does not
allege a relationship between the other restaurant defendants and
plaintiff.  Thus, there is no legal basis for concluding that the
other restaurant defendants are plaintiff's employers and no
legal basis for assessing damages against them.

IV.  <u>Conclusion</u>

For all the foregoing reasons, I respectfully recommend
that damages be assessed against defaulting defendants DonnyCarn-
ey Restaurant L.L.C. and Hurley, jointly and severally, in the
amount of $84,651.22 plus pre-judgment interest accruing after
August 7, 2015 and post-judgment interest as follows:

       1.   $23,840.76 in unpaid wages and overtime compensation;

       2.   $33,069.12 in liquidated damages;

       3.   $3,840.25 in pre-judgment interest calculated through August 7, 2015, as well as $2.12 per day in pre-judgment interest thereafter through the entry of judgment;

       4.   $2,500.00 in statutory damages;

       5.   post-judgment interest pursuant to 28 U.S.C. § 1961;

       6.   $20,024.50 in attorneys' fees and

       7.   $1,376.59 in costs.

No damages should be assessed against Clonmel Restaurant Corp., Portmarnock Restaurant Corp., Connemara Restaurant Corp., Pier 45 Rest. Inc. and GBL Restaurant Corp.

## V.   Objections

       Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl

Street, Room 1310, and to the Chambers of the undersigned, 500

Pearl Street, Room 750, New York, New York 10007. Any requests

for an extension of time for filing objections must be directed

to Judge Daniels. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS

**WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE

REVIEW. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States</u>

<u>v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO</u>

<u>Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank</u>

<u>v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair</u>

<u>Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714

F.2d 234, 237-38 (2d Cir. 1983) (<u>per curiam</u>).

Dated:   New York, New York
         July 24, 2015

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Michael J. Borrelli, Esq.
Alexander T. Coleman, Esq.
Vivian V. Walton, Esq.
Law Offices of Borrelli & Associates
Suite 328
1010 Northern Boulevard
Great Neck, New York  11021

Mr. Paul D. Hurley
8 Brittany Lane
New Rochelle, New York  10805


                              39

DonneyCarney Restaurant L.L.C.
Clonmel Restaurant Corp.
Portmarnock Restaurant Corp.
Connemara Restaurant Corp.
11 Oakland Avenue
Warwick, New York  10990

Pier 45 Rest. Inc.
Pier 45
Christopher Street Pier
New York, New York  10014

GBL Restaurant Corp.
c/o Office of Donald Hufper, Esq.
605 Third Avenue
New York, New York  10022