**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAMON COLLADO, on behalf of himself and        :
others similarly situated,                                      :

                      Plaintiffs,        :

                             :

              -against-        :

                             :

DONNYCARNEY RESTAURANT L.L.C.,        :
doing business as O'CASEY's; CLONMEL        :
RESTAURANT CORP., doing business as PD        :
O'HURLEY'S; PORTMARNOCK        :
RESTAURANT CORP., doing business as        :
DESMOND'S STEAK HOUSE & GRILL;        :
CONNEMARA RESTAURANT CORP.,        :
doing business as KENNEDY'S and/or        :
DESMOND'S; PIER 45 RESTAURANT INC.,        :
doing business as HUDSON RIVER PARK        :
CAFE; GBL RESTAURANT CORP., doing        :
business as KENNEDY'S; PAUL DESMOND        :
HURLEY, in his individual and professional        :
capacities,        :

                             :

                      Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**
**AND ORDER**

14 Civ. 3899 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

      Plaintiff, Ramon Collado, on behalf of himself and others similarly situated, brought this

case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York

Labor Law Sections 191 *et seq.* to recover unpaid wages and overtime compensation, liquidated

damages, pre-judgment and post-judgment interest, statutory damages, and attorneys' fees and

costs.[1]  This Court entered a default judgment in this matter on September 8, 2014, (*see* ECF No.

22), and referred this matter to Magistrate Judge Henry Pitman to conduct an inquest concerning

---

[1]  Plaintiff is only seeking compensation for his individual claims.  (*See* Report, (ECF No. 29), at 3 n.1.)

Plaintiffs' damages. (*See* ECF No. 23.) This Court received the Report and Recommendation ("Report") on July 24, 2015. (Report, (ECF No. 29).) This Court now adopts the Report in full. Accordingly, Plaintiff is entitled to damages and fees in the amounts reflected in the Report and below.[2]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must review *de novo* those portions of the Report to which objections are made. *Id.* The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). No party has objected to the Report, and the time to do so has passed. (*See* Report at 38-39 (citing Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c)).)

This Court agrees with the factual findings and conclusions of law in the Report. For the reasons articulated in the Report, Plaintiff is entitled to the following:

Wages & Overtime Compensation: $23,840.76

Liquidated Damages: $33,069.12

Pre-judgment Interest: $3,846.61

Statutory Damages: $2,500.00

Post-judgment Interest: At the rate authorized by 28 U.S.C. § 1961(b).

---

[2] The facts and procedural history are laid out in greater detail in the Report. (*See id.* at 1-10.)

Attorneys' fees: $20,024.50

Costs: $1,376.59

Total: $84,657.58, plus $2.12 per day in pre-judgment interest, and post-judgment interest as described in the Report and above.[3]

## CONCLUSION

For the reasons provided in the Report, Defendants DonnyCarney Restaurant L.L.C. and Paul Desmond Hurley are jointly and severally liable to Plaintiff in the amount of $84,657.58, plus pre-judgment interest beginning on August 11, 2015 through the date of Judgment, followed by post-judgment interest to be calculated by the Clerk of the Court in accordance with 28 U.S.C. § 1961(b).[4]

The Clerk of the Court is instructed to close the motion at ECF No. 29 and this case.

Dated: New York, New York
August 10, 2015

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

---

[3] The Report found that Plaintiff is entitled to $3,840.25 in pre-judgment interest calculated through August 7, 2015, as well as $2.12 per day in pre-judgment interest thereafter through entry of judgment. The above figure accounts for the additional prejudgment interest for August 8, 2015 through today, August 10, 2015. An additional $2.12 per day shall be added to the total amount until the Clerk of the Court enters the final judgment.

[4] The Report correctly determined that no damages should be assessed against the other named defendants because "there is no legal basis for concluding that the other restaurant defendants are plaintiff's employers and no legal basis for assessing damages against them." (*Id.* at 37; *see also id.* at 36, 38.) The default judgment is therefore vacated as to the following defendants: Clonmel Restaurant Corp.; Portmarnock Restaurant Corp.; Connemara Restaurant Corp.; Pier 45 Restaurant Inc.; and GBL Restaurant Corp. (*See id.* at 36-38.)